## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Daniel Baiden**, | |
| Plaintiff, | Case No. |
| v. | |
| **Navient Solutions, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Daniel Baiden** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Navient Solutions, LLC** (Defendant):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Defendant conducts business in the State of Maryland and as such, personal jurisdiction is established.

4.    Venue is pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Germantown, Maryland 20874.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation that has its mailing address located at 123 Justison Street, Wilmington, Delaware 19801.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.      At all times relevant hereto, Plaintiff maintained a cellular telephone number.

11.      Plaintiff has only used this phone as a cellular telephone.

12.      Defendant repeatedly called Plaintiff on his cellular telephone.

13.      Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.      Plaintiff knew Defendant was calling him using an automated telephone dialing system as she would routinely encounter a noticeable delay or pause prior to speaking with one of Defendant's callers.

15.      Defendant's telephone calls were not made for "emergency purposes."

16.     Desiring to stop Defendant's incessant calling, Plaintiff spoke to Defendant shortly after the calls commenced, and insisted that Defendant stop calling him.

17.     Once Defendant was informed that the calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

18.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

19.     Defendant proceeded to ignore Plaintiff's revocation as well as repeated instructions to stop calling his cellular phone and continued to call him.

20.     The foregoing conduct was in violation of the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     The TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24.     Defendant's calls to Plaintiff were not made for emergency purposes.

25.     Defendant's calls to Plaintiff after Plaintiff revoked consent to call were made without "prior express consent."

26.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.


**Wherefore**, Plaintiff, **Daniel Baiden**, respectfully prays for judgment as follows:

    a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Daniel Baiden**, demands a jury trial in this case.

Respectfully submitted,

Dated: 04/28/2020

By: *s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com